**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| W. RUSSELL VAN CAMP; TERESA VAN CAMP,<br><br>    Petitioners,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>    Respondent. | No. 09-70622<br><br>Tax Ct. No. 3639-07L<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court
Diane Kroupa, Tax Court Judge, Presiding

Submitted July 16, 2010[**]
Seattle, Washington

Before: RYMER and N.R. SMITH, Circuit Judges, and HART, Senior District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William T. Hart, Senior United States District Judge

(continued...)

W. Russell and Teresa Van Camp (collectively, taxpayers) appeal from a decision by the United States Tax Court determining that the Appeals Office did not abuse its discretion in allowing a collection action to proceed. We affirm.

Much of this appeal turns on Russell Van Camp's attempt to relitigate his tax liability for his 1993 tax year. Liability for that tax year is not, however, still on the table. In 2000, Van Camp stipulated to his liability for his 1993 tax year, and the Tax Court entered a decision pursuant to that stipulation that a deficiency was due. That decision is res judicata. *Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948).

Live testimony was not necessary to resolve disputed facts or to contradict the Appeals Office's decision, as taxpayers maintain. The validity of the 1993 tax liability (the asserted reason for the dispute) was not in issue. In addition, taxpayers stipulated to the authenticity of the decision letter. Further, review is limited to the administrative record. *See Keller v. Comm'r*, 568 F.3d 710, 718 (9th Cir. 2009). Finally, to the extent taxpayers now claim they could have presented evidence about the timely assessment of taxes, the issue is waived for failure to raise it in the Collection Due Process or Tax Court proceedings.

---

(...continued)
for the Northern District of Illinois, sitting by designation.

AFFIRMED.